*755 OPINION.
Love:
There are three distinct points contended for by the taxpayer:
(1) That the sum of $1,500 which was credited to the account of Harper & Weathers Realty Co. and with which the latter company paid its interest and taxes should be allowed as a deduction from gross income, either as a bad debt or as interest and taxes paid during the year 1919.
In the year 1914, as set forth in the findings of fact, the Harper & Weathers Realty Co. purchased and acquired title to a certain piece of real estate. During the year 1919 interest and taxes became due and payable with reference to the real estate so purchased. The Harper & Weathers Realty Co. found itself unable to meet such demands and the taxpayer, owning a beneficial interest in the property, agreed to advance to the record owner of the property the sum of $1,500 for the purpose of meeting the matured payments for interest and taxes. The credit extended was a loan and the same did not become a bad debt in the year 1919. The assets of the Harper & Weathers Realty Co. may not have exceeded its liabilities, but the company did own tangible assets which might have at any time enhanced in value and enabled it to meet fully its outstanding-obligations. It was not determined during the year that the credit extended was a bad debt such as to be deductible from gross income.
The taxpayer did not pay the $1,500 as interest on its indebtedness or as taxes on its property during the year — but loaned a sum for *756 that purpose to another taxpayer. Hence the $1,500 is not deductible as interest or taxes which the taxpayer paid, or as a liability which accrued during the year.
(2) The taxpayer contends that, because it sold stock at an inflated value to a corporation with which it was closely associated, it should not be charged with receipt of income resulting from the transaction.
Taxpayer sold to the Bankers Financing Co. 176 shares of the Bankers Trust Co. at an inflated value, to the extent of $9,840 above the March 1, 1913, value. It was a bona fide sale between two corporations the consideration being cash and an enforceable obligation. The parties to the transaction made their own terms and the taxpayer must be bound by the same in so far as taxation may result-on the profit of $9,840.
It may be true that the transaction savors of an intercompany transaction, but there is no evidence before us of affiliation as prescribed by section 240 of the Revenue Act of 1918.
(3) The taxpayer contends that, by reason of the fact that the bank examiner ordered the taxpayer to charge off the 45 shares of the Interstate Securities Co. stock and the 17 shares of the Harper & Weathers Realty Co. stock, and .that said stock had theretofore been carried on its books at a valuation of $9,785, it should be permitted to deduct that amount from gross income, as a bad debt.
The order of a bank examiner to charge off an account is not, -per se, sufficient evidence to justify its deduction as a worthless debt. Appeal of The Murchison National Bank, 1 B. T. A. 617.
There was no evidence presented in regard to the value of the Interstate Securities Co. stock, but the evidence did disclose the fact that the Harper & Weathers Realty Co. stock did have a very substantial value. The company remained in existence and bought and sold real estate until as late as 1922 or 1923.

Judgment for the Commissioner.